# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

STANLEY FILTER CO., LLC, )
)
         **Plaintiff,** )
)
v. )   Case No. 17-CV-0182-CVE-FHM
)
WINGMASTER SALES, LLC and )
RICHARD SCHLABACH )
)
         **Defendants.** )

## OPINION AND ORDER

Before the Court is defendant Wingmaster Sales, LLC's (Wingmaster) motion for leave to amend (Dkt. # 51) its counterclaim (Dkt. # 43). Wingmaster seeks leave to amend its counterclaim in order to add a count for violation of Oklahoma's Fair Practices of Equipment Manufacturers, Distributors, Wholesalers and Dealers Act (Fair Practices Act), Okla. Stat. Tit. 78, § 244 et seq. Dkt. # 51-2, at 8.

### I.

On October 13, 2017, the Court filed a corrected scheduling order (Dkt. # 30); it stated, inter alia, that November 17, 2017, was the deadline for motions for joinder of additional parties or amendment to complaint; February 20, 2018, is the discovery cutoff; interrogatories and Rule 34 requests must have been made thirty days in advance of the discovery cutoff (i.e. by January 21, 2018);[1] and dispositive motions are due March 26, 2018.

---

[1] Plaintiff states incorrectly that the deadline for interrogatories and Rule 34 requests was "January 20, 2017." Dkt. # 53.

On November 7, 2017, Wingmaster moved to file a first amended complaint (Dkt. # 44), which the Court granted in part and denied in part (Dkt. # 46). On November 21, 2017, Wingmaster filed its answer (Dkt. # 42) and counterclaim (Dkt. # 43) to plaintiff's original complaint. On December 13, 2017, plaintiff filed its first amended complaint (Dkt. # 47), adding Schlabach as a party to counts one through four. On December 27, 2017, Schlabach filed his answer (Dkt. # 50) and counterclaim (Dkt. # 49) to plaintiff's first amended complaint. And on January 12, 2018 plaintiff filed its answer (Dkt. # 50) to Schlabach's counterclaim.

On January 21, 2018, Wingmaster moved for leave to amend its counterclaim (Dkt. # 51). Plaintiff filed a response (Dkt. # 53) in objection.

**II.**

To amend a counterclaim, a party must first move for leave to amend under Fed. R. Civ. P. 15(a). Ahmad v. Furlong, 435 F.3d 1196, 1202 (10th Cir. 2006); Harris v. United States Dep't of Veterans Affairs, 126 F.3d 339, 345 (10th Cir. 1997). Rule 15(a) provides that "leave shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). A denial of a motion to amend may be warranted, however, where the Court finds, on the part of the movant, " undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies . . . , [or] undue prejudice to the opposing party by virtue of allowance . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). In addition, denial may be warranted where the "party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fail[ed] to include them in the original [pleading] . . . ." Frank v. U.S. West, Inc., 3 F.3d 1357, 1366 (10th Cir. 1993) (quoting Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990)).

2

**III.**

Wingmaster argues that the Court should grant it leave to amend its counterclaim to add a count for violation of Oklahoma's Fair Practices Act because there is no evidence of undue delay, dilatory motive, or bad faith on its part. Dkt. # 51, at 4-7. In addition, Wingmaster argues that allowing leave to amend will not prejudice plaintiff because the "same operative nucleus of facts" alleged in Wingmaster's counterclaim give rise to Wingmaster's proposed Fair Practices Act count, and, therefore, "[plaintiff] has been on notice of the facts at issue and will not be prejudiced in defending the same even if they support another theory of relief." Dkt. # 51, at 4-5 (quoting Minter, 451 F.3d at 1208 ("Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment.")).

Plaintiff responds that Wingmaster's proposed Fair Practice's Act count is untimely and prejudicial to plaintiff because the discovery deadline is February 20, 2018, the deadline to serve interrogatories and requests for production of documents was on January 21, 2018, and allowing "Wingmaster to amend and add an additional claim now would require the resetting of all deadlines, [and] put the parties back into the initial stages of discovery . . . ." Dkt. # 53, at 5. The prejudice is all the more pronounced, plaintiff argues, because Wingmaster was aware of the facts giving rise to its proposed Fair Practice's Act count when it filed its counterclaim Id. (citing King & King Enters. V. Champlain Ptroleum Co., 446 F.Supp. 906, 914 (E.D. Okla. 1978)). Additionally, plaintiff argues that Wingmaster's proposed Fair Practices Act count is futile. Id.

The Court finds that Wingmaster's motion to amend its counterclaim is untimely and prejudicial to plaintiff. Wingmaster has failed to offer any explanation for its delay or why it could not have pled its proposed Fair Practice's Act count when it filed its counterclaim over two months

ago. Indeed, by Wingmaster's own admission, its proposed Fair Practice's Act count arises from the same nucleus of operative facts alleged in Wingmaster's counterclaim. In other words, Wingmaster, when filing its counterclaim, was aware of the facts giving rise to its proposed Fair Practice's Act count. It should, therefore, have alleged this count then, and the Court see no reason why justice requires granting Wingmaster leave to amend to add this count now so close to the discovery deadline.

**IT IS THEREFORE ORDERED** that Wingmaster's motion for leave to amend (Dkt. # 51) is **denied**.

**DATED** this 26th day of January, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE